CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 1 4 2015

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

EZEKIEL J. COX,
    Plaintiff,

v.

DANVILLE ADULT DETENTION
CENTER, et al.,
    Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 7:15-cv-00135

**MEMORANDUM OPINION**

By:   **Hon. Jackson L. Kiser**
      **Senior United States District Judge**

Ezekiel J. Cox, a Virginia inmate proceeding pro se, filed a complaint, pursuant to 42 U.S.C. § 1983, naming the Danville Adult Detention Center and Danville City Jail as the defendants. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.

The court must dismiss the complaint because the defendants are not amenable to suit via § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"). Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

**ENTER**: This 14th day of May, 2015.

_Jackson L. Kiser_
Senior United States District Judge